```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

|                              |   |                    |
|------------------------------|---|--------------------|
| EMMANUEL EVARISTE,           ) |   |                    |
| Plaintiff,                   ) |   |                    |
|                              ) |   |                    |
|          v.                  ) |   | Civil Action No.   |
|                              ) |   | 18-12660-NMG       |
| U.S. IMMIGRATION AND CUSTOM  ) |   |                    |
| ENFORCEMENT,                 ) |   |                    |
| Defendant.                   ) |   |                    |
|                              ) |   |                    |

                         MEMORANDUM AND ORDER

**GORTON, J.**

   For the reasons set forth below, the Court allows plaintiff's motions to amend and for leave to proceed in forma pauperis, and denies plaintiff's motions for speedy trial, to expedite final judgment, to dismiss, for further discovery, for summary judgment, for injunctive relief, for default judgment, and to amend relief.  If plaintiff wishes to pursue this action, the Court will permit him to file a third amended complaint that cures the pleading deficiencies noted below.

I.   **Background**

   Emmanuel Evariste ("Evariste"), now in custody at the Bristol County Jail and House of Correction, filed a pro se complaint against the U.S. Immigration and Customs Enforcement ("ICE") seeking monetary damages for injuries allegedly suffered after he was taken into ICE custody.  See Docket No. 1.  In his complaint, Evariste alleges that he is a United States citizen.

With his complaint, he filed a Motion for Speedy Trial and an Application to Proceed in District Court Without Prepaying Fees or Costs. See Docket Nos. 2, 3. Because Evariste filed an Application to Proceed in District Court Without Prepaying Fees or Costs, summonses were not issued in order to allow the Court time to review the complaint to determine whether it satisfied the requirements of the federal in forma pauperis statute, 28 U.S.C. § 1915.

Evariste subsequently filed motions to expedite final judgment, to dismiss, for leave to proceed in forma pauperis, for further discovery, to amend, for summary judgment, for injunctive relief and for default judgment. See Docket Nos. 7-15, 17. 19, 21-22, 24. He also filed a proposed second amended complaint that names as sole defendant the United States Department of Homeland Security. See Docket No. 22-1.

## II. **Motions for Leave to Proceed In Forma Pauperis**

Upon review of Evariste's motions for leave to proceed in forma pauperis, the Court concludes that he is without income or assets to pay the $400.00 filing fee. Because Evariste is not a prisoner as defined by 28 U.S.C. § 1915(h)[1], he is not obligated

---

[1] Section 1915(h) defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Evariste, as an immigration detainee who does not also face criminal charges, is not a prisoner as defined by 28 U.S.C. § 1915(h) and is therefore not subject to the Prison Litigation Reform Act. See e.g. King v. Greenblatt, 53

to make payments towards the filing fee pursuant to 28 U.S.C. § 1915(b). Evariste's motions are therefore granted.

## III. **Preliminary Screening**

When a plaintiff seeks to file a complaint without prepayment of the filing fee, a summons does not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss complaints sua sponte if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

When examining the sufficiency of the pleadings, the Court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

In conducting this review, the Court liberally construes the pleadings because the plaintiff is proceeding pro se. Haines

---

F. Supp.2d 117, 138 (D. Mass. 1999) (civilly committed mental patient not a prisoner under § 1915(h).

v. Kerner, 404 U.S. 519, 520 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004). Even under a broad reading, however, this action is subject to dismissal for the reasons set forth below and the plaintiff will be afforded an opportunity to file a third amended complaint.

**IV. Discussion**

In this matter, Evariste seeks to hold the United States Department of Homeland Security ("DHS") liable for alleged negligence, intentional infliction of emotional distress and violations of his constitutional rights while he was housed at the Bristol County House of Correction.

**A. Civil Rights Claim**

Although Evariste invokes this Court's jurisdiction pursuant to 42 U.S.C. § 1983[2], it appears from the factual allegations in his proposed second amended complaint that he seeks to hold DHS liable for the alleged violation of his constitutional rights. In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the United States Supreme Court established a direct cause of action against federal officials for violations of the federal constitution.

---

[2] Section 1983 provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.

The United States has sovereign immunity except where it consents to be sued. United States v. Mitchell, 463 U.S. 206, 212 (1983). In the absence of such a waiver of immunity, plaintiff cannot proceed in an action for damages against the United States or an agency of the federal government for alleged deprivation of a constitutional right, see FDIC v. Meyer, 510 U.S. 471, 484-87 (1994), or against any of the individual defendants in their official capacities, see Kentucky v. Graham, 473 U.S. 159, 166 (1985) (a suit against a government officer in his or her official capacity is a suit against the government). Because a Bivens claim for monetary damages must be premised upon the personal involvement of the named defendants, such a claim is available only against government officers in their individual capacities. Meyer, 510 U.S. at 484-87.

Here, the Department of Homeland Security is immune from suit for money damages under Bivens. See F.D.I.C. v. Meyer, 510 U.S. 471, 485 (1994) ("[i]f we were to imply a damages action directly against federal agencies ... there would be no reason for aggrieved parties to bring damages actions against individual officers. [T]he deterrent effects of the Bivens remedy would be lost") ) (alterations added). The appropriate defendants are the individual federal employees who allegedly caused Plaintiff's injury, whom Plaintiff has not named as defendants here. See Iqbal, 556 U.S. at 676 ("a plaintiff must

5

plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Therefore, plaintiff's Bivens' claim against the DHS is subject to dismissal.

**B.     Federal Tort Claims Act**

Evariste seeks to assert tort claims against the Department of Homeland Security.  Any state law tort claim based on a federal officer's acts or omissions may only be brought against the United States under the Federal Tort Claims Act ("FTCA"). Specifically, the FTCA authorizes suits against the government to recover damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.  28 U.S.C. § 1346(b)(2). The United States is the only proper party in a suit seeking monetary damages for torts committed by federal employees.  See 28 U.S.C. §§ 1346(b)(1) and 2674.

Even if the Court were to treat the FTCA claims as having been brought against the United States, they would fail.  "It is well settled law, that an action brought against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b),

2671 et seq., ("the Act") must be dismissed if a plaintiff has failed to file a timely administrative claim with the appropriate federal agency." Gonzalez-Bernal v. United States, 907 F.2d 246, 248 (1st Cir. 1990) (citing United States v. Kubrick, 444 U.S. 111, 113 (1979)); see also Velez-Diaz v. United States, 507 F.3d 717, 718 (1st Cir. 2007) ("Under the FTCA, a court suit filed before exhaustion does not ripen but is barred"). The FTCA's presentment requirement is jurisdictional. 28 U.S.C. § 2675; Corte-Real v. United States, 949 F.2d 484, 485 (1st Cir. 1991).

Evariste has not asserted, nor has he filed any document that reflects, that he has presented his tort claims to the Department of Homeland Security prior to filing suit. Thus, any state law claims against the federal defendant are subject to dismissal.

**V. Filing a Third Amended Complaint**

Evariste's second amended complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). If he wishes to pursue this action, the Court will permit him to file a third amended complaint that cures the pleading deficiencies noted above. As an amended complaint completely replaces the original complaint, Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011), Evariste should repeat in

7

the third amended complaint any allegations that he wishes to be part of the third amended complaint.

### ORDER

In accordance with the foregoing, it is hereby ORDERED

1. Plaintiff's Motions (Docket Nos. 3, 9, 11, 14, 19, 21, 22) to amend and for leave to proceed in forma pauperis are allowed. The clerk shall enter the proposed second amended complaint (Docket No. 22-1) on the docket.

2. Plaintiff's Motions (Docket Nos. 2, 7-8, 10, 12-13, 15, 17, 24) plaintiff's motions for speedy trial, to expedite final judgment, to dismiss, for further discovery, for summary judgment, for injunctive relief, for default judgment, and to amend relief are DENIED.

3. The second amended complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). If Evariste wishes to proceed with this action, within 21 days of the date of this Memorandum and Order, he must file a third amended complaint that cures the pleading deficiencies noted above.

4. Failure to comply with these directives will subject this case to dismissal.

**So ordered.**

                                    /s/ Nathaniel M. Gorton  
                                    Nathaniel M. Gorton  
                                    United States District Judge

Dated: June 28, 2019